## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Beth Adair | ) |
|     Petitioner | ) |
| | ) |
| v. | )   **Case No. 22-2053** |
| | ) |
| Morton Community Bank, *et. al.*, | ) |
|     Defendants | ) |

## REPORT AND RECOMMENDATION

**KAREN L. MCNAUGHT, United States Magistrate Judge:**

Plaintiff, a former employee of Morton Community Bank has brought a 14-count amended complaint alleging plaintiff suffered employment discrimination during her employment. Defendants, Morton Community Bank and its alleged parent company, Hometown Community Banks, have moved to dismiss two of the counts in the amended complaint. Pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure. Those counts are Count IV, a claim for intentional infliction of emotional distress, and Count V, a claim for negligent infliction of emotional distress. In analyzing whether these counts state valid causes of action, the parties agree that the law of the State of Illinois governs the elements of these torts.

In addressing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts alleged in the amended complaint. *Barwin v. Village of Oak Park*, 54 F.4th 443, 453 (7th Cir 2022). Plaintiff was employed at Morton Community Bank from 2016 until she was terminated in March 2020. Plaintiff's last position with the bank was as a teller. Plaintiff had surgery for shoulder problems in 2005

1

and had ongoing problems with her shoulder which worsened in September 2019. Plaintiff claims she could perform all the duties of her teller position, except she could not lift trays and bags of coins and she could not operate as a teller in the drive-through position.   Plaintiff suffered another injury to her neck and shoulder in October 2019. Plaintiff filed a worker's compensation claim related to this injury. Plaintiff asked defendant to schedule her work shifts around her physical therapy, but was told she should use FMLA leave  when her therapy prevented attendance at work.. Plaintiff woke up in a lot of pain on November 27, 2010, from having worked in the "manual station" so plaintiff asked to work at positions other than the "manual station." When plaintiff made this request, her supervisor said, I don't know what you want me to say."  On December 11, 2019, plaintiff was sent home and told to use FMLA leave.  Plaintiff told her supervisors she did not need FMLA leave and could work, providing she was not assigned to work at the drive through or "manual;" positions. In February 2020, plaintiff's condition further worsened and her doctor restricted her from all work until at least March 13, 2020. Plaintiff's FMLA leave expired prior to March 13, 2020, and her employment was terminated. Plaintiff also makes the conclusory allegation that, after she filed her worker's compensation claim, she was subjected to unspecified hostile actions and harassment by unspecified persons.

In Illinois, a claim for intentional infliction of emotional distress requires the plaintiff to prove (1) defendant's conduct was truly extreme and outrageous, (2) the defendant either intended the conduct to cause severe emotional distress or knew there was a high probability that the conduct would cause severe emotional distress, and (3) the conduct

actually caused severe emotional distress. *Lewis v. School District 70*, 523 F.3d 730, 746-47 (7th Cir. 2008); *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017). To meet the high standard of extreme and outrageous conduct, defendant's actions must extend beyond all possible bounds of human decency and be considered utterly intolerable in a civilized society. *Id*. While Illinois law generally imposes a high standard on plaintiffs seeking to recover for intentional infliction of emotional distress, "[l]iability for emotional distress, as a common law tort, is even more constrained in the employment context. *Richards*, 869 F.3d at 567. Recovery is limited to cases in which the employer's conduct is "truly egregious." *Id*. There is a hesitation to find intentional infliction of emotional distress in the workplace "because, if everyday job stresses resulting from discipline, personality conflicts, job transfers or even terminations could give rise to a cause of action for intentional infliction of emotional distress, nearly every employee would have a cause of action." *Id*. Whether conduct is extreme and outrageous presents an issue of law. *Ulm v. Memorial Medical Center*, 2012 IL App (4th) 110421, ¶39; *DiPietro v. GATX Corporation*, 2020 IL App (1st) 192196, ¶53. The assessment requires an objective inquiry. *Richards*, 869 F.3d at 567.

Plaintiff claims her treatment was outrageous and caused her severe emotional distress. Defendant has moved to dismiss the intentional infliction of emotional distress claim, arguing the well-pleaded facts are insufficient to constitute extreme and outrageous conduct sufficient for the Illinois tort of intentional infliction of emotional distress.

To survive a motion to dismiss, a plaintiff need only allege enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 570

(2007); *Barwin,* 54 F.3d at 453.  A claim meets this standard, if the factual content in the complaint allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Barwin,* 54 F.3d at 453.  In deciding a motion to dismiss, a court must accept all well-pleaded facts as true and draw all reasonable inferences as true.  *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 717, 523 (7th Cir. 2022).  Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.  *Id*.

Factors relevant to the inquiry into whether conduct is extreme and outrageous include whether the conduct arises from defendant's abuse of a position of authority over plaintiff or the power to affect the plaintiff's interests, the reasonableness of a defendant's believe that the conduct was legitimate, and the defendant's awareness that the plaintiff was particularly susceptible to emotional distress.  *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶52.  These factors are to be considered in light of all the facts and circumstances of the case and the presence or absence of any of these factors is not necessarily critical to a cause of action for intentional infliction of emotional distress.  *Id*.

In a case involving claimed FMLA violations by an employer, the Seventh Circuit found the defendant's conduct was not sufficiently extreme and outrageous to be actionable as intentional infliction of emotional distress.  *Lewis v. School District 70*, 523 F.3d 730, (7th Cir. 2008). Lewis, the plaintiff, had been employed as bookkeeper and treasurer for the defendant school district.  *Id*. at 734. During 2004 both her parents became terminally ill. *Id*. at 734.  Lewis cared for both at home until her father died in

4

May, after which she continued to care for her mother. *Id*. In addition, five of Lewis' other family members or close friends died in 2004. *Id*. With her supervisor's permission, Lewis missed a large amount of time, due to the need to care for her mother. *Id*. Lewis took work home with her and tried to keep up when she had time, including on weekends and in the evenings. *Id*. The school board became concerned about work not being completed and several members opined that the board should begin looking for a new bookkeeper. *Id*. Lewis' supervisor dissuaded the board from replacing the her, but told Lewis she needed to return to a regular 8:00 a.m. to 4:00 p.m. schedule by the beginning of the fall 2004 school term. *Id*. Lewis missed 13 days of work in September and October and problems arose because of the work not being completed. *Id.* at 735-36. With board approval, Lewis was offered unpaid intermittent FMLA leave. *Id*. at 736.

While Lewis was allowed to be absent on days she needed to be caring for her mother, no substitute bookkeeper was hired and Lewis was expected to complete all the bookkeeper work, although she was only paid as a part-time employee because of the intermittent FMLA leave. *Id*. Lewis attempted to keep up with the workload by doing bookkeeper work at home and on weekends, although she was not paid for this time. *Id*. In November 2004, board members expressed the opinion they would like to fire the plaintiff, but her supervisor informed them they could be held liable for doing so because of FMLA. *Id*. Board members expressed distain for the requirements of FMLA and encouraged the Lewis' supervisor to build a case to fire her for reasons unrelated to her absences. *Id*. In March 2005, with board approval, Lewis was sent a letter informing her the board had voted to remove her from her position as bookkeeper and offering her a

choice between demotion to a position as a reaching assistant or resignation. *Id*. at 737.

Lewis filed suit on a number of theories. *Id*. at 738. The district court dismissed the claim for intentional infliction of emotional distress and granted summary judgment in favor of the employer on the other claims. *Id*. In her claim for intentional infliction of emotional distress, Lewis also alleged that the employer knew she was in an emotionally fragile state during the relevant period; her supervisor feigned kindness and concealed his true intentions to keep her working until he could find a replacement; and that her supervisor's betrayal, firing her without warning, and replacement of her by her supervisor's old friend caused her severe emotional distress . *Id*. at 746. The Seventh Circuit affirmed dismissal of the claim for intentional infliction of emotional distress. *Id*. at 748. The Court noted, "The events alleged in Ms. Lewis' complaint, even if true, simply do not rise to the level necessary to succeed on a claim for intentional infliction of emotional distress.´ *Id*. at 747. The Court was unwilling to subject employers to liability for intentional infliction of emotional distress "each time they discharge an employee - even an employee with severe emotional problems – unless their conduct is truly egregious." *Id*.

Plaintiff's amended complaint fails to allege the type of outrageous conduct necessary to be actionable under a theory of intentional infliction of emotional distress. Instead, plaintiff alleges an ordinary employment dispute. Plaintiff asserts defendant's behavior was outrageous because plaintiff was forced to use FMLA leave when she didn't need it and then penalized her by firing her. Plaintiff essentially claims defendant denied her request for a third accommodation and told her that, if she was unable to work at

either the drive-through or "manual" station, she would need to take FMLA leave,  Plaintiff also claims defendant told her she would need to take FMLA leave when plaintiff was unable to be at work during her physical therapy appointments.  When plaintiff was unable to work after the expiration of her FMLA leave, plaintiff's employment was terminated. Whether plaintiff was able to perform the essential functions of her job and whether plaintiff was requesting a reasonable accommodation are issues to be decided in plaintiff's federal claims. A decision in plaintiff's favor on these issues would not, however, transform defendant's business decisions into extreme and outrageous conduct. The decision to terminate plaintiff's employment when she could not work after expiration of her FMLA leave was also a routine business decision.  Plaintiff has cited nothing to suggest defendant had a duty to extend plaintiff's FMLA leave.  Because whether defendants engaged in extreme and outrageous behavior is measured with an objective standard, the unspoken subjective motivations of defendant's managers do not play into the inquiry. Plaintiff has not met the high standard for establishing a claim under Illinois law for intentional infliction of emotional distress in the employer/employee context. Count IV of the amended complaint fails to state a cause of action.

Based on the same conduct by defendant, plaintiff also makes a claim of negligent infliction of emotional distress.  Defendant claims the c amended omplaint fails to state a cause of action for negligent infliction of emotional distress. To state a cause of action for negligent infliction of emotional distress, "a plaintiff must allege the traditional elements of negligence; a duty, breach, causation, and damages." *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶31. Defendant makes the conclusory assertion that the

amended complaint does not allege a duty or breach of a duty, but develops no argument on this point. "Perfunctory and undeveloped arguments are waived." *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Here, defendant has waived any argument regarding the failure to plead duty and breach of the duty.

Defendant has developed an argument that plaintiff has failed to plead a contemporaneous physical injury or impact. Under Illinois law, a showing of a contemporaneous physical injury or impact is required for a claim of intentional infliction of emotional distress by a direct victim. *Schweihs*, 2016 IL 120041, ¶¶31-38. Plaintiff contends that her assertion that defendant's actions caused plaintiff to suffer aggravation of her medical condition is sufficient to satisfy the requirement of pleading a contemporaneous injury or impact. Plaintiff has cited no authority supporting this proposition. Plaintiff claims defendant denied her accommodations for her medical problems, forced her to take FMLA leave when she could have worked with an accommodation, and terminated her employment after she exhausted her leave. These allegations do not allege a contemporaneous physical injury or impact. Count V of the amended complaint fails to state a cause of action.

Plaintiff also notes that Illinois recognizes emotional damages as an available remedy when the plaintiff has alleged another tort. Plaintiff has pleaded other counts under Illinois law and argues she can recover emotional damages under these claims. Defendant's motion to dismiss does not address what damages may be recoverable under other counts of the complaint. Defendant argues that the amended complaint does

8

not state an independent claim for negligent infliction of emotional distress.  Defendant is correct.

Plaintiff asks that she be given leave to further amend her complaint if the Court finds Count IV and/or COUNT V fails to state a cause of action.  This request is premature.  Under Rule 7.1(F) of the United States District Court for the Central District of Illinois, a request to file an amended complaint must be accompanied by the proposed amended complaint.  This rule allows an assessment to be made into the sufficiency of the amended complaint.

For the reasons stated  herein, it is recommended that the Court grant the motion to dismiss Count IV and Count V of plaintiff's amended complaint [25].

**Pursuant to the terms of Rule 72(b) of the Federal Rules of Civil Procedure, any party wishing to object to this Report and Recommendation must serve and file specific written objections within 14 days after being served with a copy of this recommendation.**

ENTERED:  May 5, 2023.

_____s/ Karen L. McNaught_____
KAREN L. MCNAUGHT
UNITED STATES MAGISTRATE JUDGE